O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASIB SIDDIQUE, <br><br>             Plaintiff, <br><br>     v. <br><br>COUNTRYWIDE BANK FSB; BANK OF AMERICA, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE, LIEN, OR INTEREST ADVERSE TO PLAINTIFF'S TITLE, <br><br>             Defendants. | ) Case No. CV 13-00148 DDP (CWx) <br> ) <br> ) **ORDER DENYING EX PARTE** <br> ) **APPLICATION TO VACATE JUDGMENT** <br> ) **AND VACATING MOTION TO REMAND AS** <br> ) **MOOT** <br> ) <br> ) [Dkt. Nos. 16 & 17] <br> ) |

Presently before the court is Plaintiff Hasib Siddique's Ex Parte Motion to Vacate Judgment of Court on Feb. 21, 2013. Defendants removed the action to federal court on January 16, 2013, and filed a Motion to Dismiss that was scheduled for oral argument on February 25, 2013. Plaintiff did not file an opposition to that Motion, the deadline for which opposition was February 4, 2013. On February 19, 2013, Plaintiff filed a Motion to Remand based on lack of diversity jurisdiction, with a hearing date of March 25, 2013.

This court granted Defendants' Motion to Dismiss on February 21, 2013.

Under Rule 60 of the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment if that party shows "mistake, inadvertence, surprise, or excusable neglect" or if "the judgment is void." Fed. R. Civ. P. 60(b)(1) and (4). Plaintiff appears to argue that the court erred in failing to construe his Motion to Remand as an opposition to the Motion to Dismiss. (Ex Parte ¶ 3.) Plaintiff also appears to attempt to show excusable neglect, asserting that he "anticipated that since the court is required to consider objections to jurisdiction, <u>sua sponte</u>, there would be no decision on the motion to dismiss until the court had satisfied itself that it had jurisdiction to consider it." (<u>Id.</u> ¶ 4.) Plaintiff appears to argue, further, that the judgment is void because the court lacked subject matter jurisdiction. (<u>Id.</u> ¶¶ 7-8.)

As discussed in the court's order granting the Motion to Dismiss, Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. Here, Plaintiff filed no papers at all until six days prior to the scheduled hearing, 15 days after the deadline for an opposition. Plaintiff does not explain why he did not file an opposition to the Motion to Dismiss. His only purported explanation is that he expected the court to consider the basis for its jurisdiction sua sponte. However, the court had no reason to question its jurisdiction given the statements made by Defendants in the Notice of Removal.

2

1      The court finds that it did not err in not considering
2 Plaintiff's Motion to Remand when Plaintiff failed to oppose the
3 Motion to Dismiss and failed to file any papers whatsoever until
4 the eve of the hearing date.  The court declines to vacate its
5 judgment dismissing the case.  The Ex Parte Application is DENIED.
6 The Motion to Remand is VACATED as moot.

8 IT IS SO ORDERED.

11 Dated: March 7, 2013
                                     DEAN D. PREGERSON
12                                    United States District Judge