cc: order, docket, remand letter to
Lost Angeles Superior Court, North District,
Michael D. Antonovich Antelope Valley
Courthouse, Lancaster No. MC 023945

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASIB SIDDIQUE, | ) | Case No. CV 13-00148 DDP (CWx) |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO REMAND** |
| v. | ) | [Dkt. No. 17] |
| COUNTRYWIDE BANK FSB; BANK OF AMERICA, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE, LIEN, OR INTEREST ADVERSE TO PLAINTIFF'S TITLE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff initially filed his Complaint against Defendants in California state court on December 7, 2012. Plaintiff's Complaint brings various state law claims stemming from Defendants' allegedly unlawful foreclosure on his home. Defendants removed the action to this court on January 9, 2013, on the basis of diversity jurisdiction. Defendants have since filed a Motion to Dismiss the Complaint, while Plaintiff has filed a Motion to Remand Action to State Court. Having reviewed the parties' moving papers, the court finds that it lacks subject matter jurisdiction and therefore

remands the case to state court.

In a case that has been removed to federal court based on diversity jurisdiction, the proponent of jurisdiction "has the burden to prove, by a preponderance of evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).

For diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Here, Plaintiff seeks "damages and other relief according to proof," as well as cancellation or reformation of the note and deed of trust. (Compl. ¶7.) Accordingly, it is not clear on the face of the Complaint that the amount in controversy is $75,000 or more. Defendants allege in the Notice of Removal, however, that the value of the loan was $317,011. (¶¶ 12- 13.) Defendants suggest that this loan amount is indicative of the value of the property, which it asserts is relevant to determining the amount in controversy. (Id. ¶ 12.)

First, having reviewed Plaintiff's Complaint, the court sees no specific allegations as to damages or penalties suggesting that

the amount in controversy is $75,000 or more. Second, it is true that "[i]n a suit to quiet title, the amount in controversy is the value of the subject property." McLaughlin v. Mortgage Elec. Registration Sys. Inc., No. CV-11-1864, 2012 WL 1520123, at *2 (D. Ariz. May 1, 2012) (citing Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). However, at least one district court in this Circuit has concluded that "[t]he amount of the promissory note simply does not establish the value of the underlying property." McLaughlin, 2012 WL 1520123, at *2. As that court explained: "Sadly for homeowners and the economy, one no longer reasonably can presume that the amount of a mortgage loan equals or is less than the value of the property securing it." Id. This court agrees. Further, although Plaintiff does seek to vacate the deed of trust, which secures the promissory note, Plaintiff does not request as relief rescission of the actual loan. Nor could he, as Plaintiff clearly "owes someone money" on the promissory note. Id.

Because Defendants fail to establish by a preponderance of evidence that the amount in controversy requirement is met, and the case presents no federal question, the court concludes that it lacks subject matter jurisdiction. Removal was therefore improper and the court hereby GRANTS Plaintiff's Motion to Remand and REMANDS the entire matter to state court. The court also VACATES the pending Motion to Dismiss.

IT IS SO ORDERED.

Dated: August 7, 2013

DEAN D. PREGERSON
United States District Judge

3